VINCENT *v.* ACKERMAN.

1. FENCES—FENCE VIEWERS—STATUTES.
   Under the statute (section 2419, 1 Comp. Laws), the failure of fence viewers, in their order of determination, to specify the time in which the parties should build their respective shares of fence, does not invalidate the proceedings, since, such provision not being mandatory, it becomes the duty of each, after due notice, to act within a reasonable time.

2. SAME—FENCE VIEWERS—DETERMINATION—RECORDING.
   Under said statute, the filing of the original order of determination with the township clerk, and indexing in the record provided for such papers, was sufficient as between the parties to the controversy, each having actual notice, although such order was not copied upon the records.

3. SAME—CONSTITUTIONAL LAW.
   The statute providing for the settlement of controversies over the division of partition fences is constitutional. *Gilson* v. *Munson*, 114 Mich. 671.

4. EVIDENCE—ADMISSIBILITY—ACTION OF FENCE VIEWERS.
   In an action of replevin for the possession of cattle distrained for trespass, evidence of the proceedings of fence viewers for the division of a partition fence is competent to show the duty of defendant to maintain the fence through which the wrongful entry was made.

Error to Shiawassee; Smith, J. Submitted January 19, 1909. ( Docket No. 116.) Decided March 3, 1909.

Replevin by George A. Vincent against William Ackerman. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*Byron P. Hicks*, for appellant.

*Odell Chapman*, for appellee.

Plaintiff and defendant own adjoining farms in the

township of Vernon, county of Shiawassee, on which they respectively reside, and at the time this suit was brought there were about 220 rods of partition or line fence between them. No written agreement was ever made by Vincent with Ackerman or Brown, his grantor, as to the division of this fence. Attempts had been made, but had failed. On September 10, 1904, Vincent made a formal application in writing to three legally qualified fence viewers of the township of Vernon, and these fence viewers, upon receipt of this petition, issued a notice to defendant notifying him of the filing of the petition, and that they would meet on the line of the fence on the 14th day of September, 1904. This notice was served on Mr. Ackerman on the 11th day of September, and on the 14th the fence viewers met on the line of the fence. Mr. Vincent and Mr. Ackerman were both present. There was an opportunity for argument given. The fence viewers questioned Mr. Ackerman in regard to the fence, and listened to what he had to say. They did not announce their decision there on the line of the fence. They consulted among themselves, and went to Hicks' office, where the decision was signed, which was as follows:

"STATE OF MICHIGAN, } ss.:
County of Shiawassee. }
"Whereas, said complaint and application has been made to the undersigned fence viewers of the township of Vernon, by Albert Vincent, asking for division between the respective occupants of a certain partition or line fence between the lands of the said Albert Vincent and the said William Ackerman, the line of said fence being described as follows: Beginning at the northeast corner of the southeast quarter of section 2 in the township of Vernon in said county, and running thence south sixty rods, thence west 64 rods, thence south 88 rods, or thereabouts; and

"Whereas, we, the undersigned, did on this day meet and view the said fence at or about ten o'clock in the forenoon, after giving due notice to the said William Ackerman and Albert Vincent of the time and place of meeting, and the said William Ackerman and Albert Vincent both being present, and after hearing the arguments and state-

ments of both of said parties, we do hereby divide and apportion said fence between said parties as follows:

"The said William Ackerman, his heirs and assigns shall forever keep and maintain the 60 rods running south from the northeast corner of the southeast quarter of section 2, and the east 24 rods of the 64 rod strip running east and west, and the said Albert Vincent, his heirs and assigns, shall forever keep and maintain the balance or remainder of the east and west line of fence, and all of the 88 rods strip running north and south.

"In witness whereof we have hereunto set our hands and seals this 14th day of September, A. D. 1904.

"W. P. Johnson,
"William Maudlin,
"Frank Patchell,

"Fence Viewers of the Township of Vernon."

A copy of this paper was served on Mr. Ackerman some time in the month of December, 1904. Mr. Vincent left the original determination with the clerk of the township to have it recorded. It was recorded in a book kept for that purpose by the township clerk, but not copied, and remained in his possession and was produced in court by his successor in office. Defendant Ackerman did not keep in repair the 60 rods of fence running south from the northeast corner of the southeast quarter of section 2, and on the 5th of May, 1905, plaintiff's cattle escaped through said fence onto defendant's property, and were by him impounded. Plaintiff thereupon replevied the cattle, and upon the trial the circuit judge refused to admit the determination of the fence viewers, and directed a verdict for the defendant, fixing the amount of damages at $12 and costs to be taxed; the defendant having waived return of the property.

Brooke, J. (*after stating the facts*). The defendant at the trial claimed that the proceedings of the fence viewers as above set forth were incompetent as evidence, *first*, because the determination did not fix the time within which the fence should be built; *second*, because it had not been properly recorded; and, *third*, because

the statute under which the proceeding was had is unconstitutional.  The statute in question is as follows:

"When any controversy shall arise about the rights of the respective occupants, in partition fences, or their obligation to maintain the same, either party may apply to two or more fence viewers of the township where the lands lie, who, after due notice to each party, may in writing assign to each his share thereof, and direct the time within which each party shall erect or repair his share of the fence in the manner before provided; which assignment, being recorded in the township clerk's office, shall be binding upon the parties, and upon all the succeeding occupants of the lands; and they shall be obliged always thereafter to maintain their respective portions of said fence." 1 Comp. Laws, § 2419.

The determination of the fence viewers, it will be noticed, was silent as to the time within which each of the interested parties should erect or repair his share of the fence. We do not think this is a fatal objection to the determination.  It will be noticed that the statute upon this point is not mandatory, and the failure of the fence viewers to specify the time within which parties should erect their respective shares of the fence will not render nugatory their action in dividing the fence and assigning to each of the parties his share thereof.  Upon making their findings and giving due notice thereof to the parties, it thereupon became the duty of each to proceed within a reasonable time to comply with the determination of the fence viewers.

As to the second objection raised by the defendant, we are of opinion that inasmuch as he had actual notice of the contents of the determination of the fence viewers, it having been served upon him personally several months before the cattle were distrained, he is not in a position to raise the question.  In any event, the original paper was properly filed for record with the township clerk, and the index was made in the record provided for chattel mortgages, bills of sale, and other miscellaneous papers. Under the circumstances, this was a sufficient record

under the statute. See *Farrington* v. *Bristol*, 35 Mich. 28.

The constitutionality of the act under which the proceeding was taken has been passed upon contrary to defendant's contention in *Gilson* v. *Munson*, 114 Mich. 671.

Reversed, and a new trial ordered.

GRANT, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.